UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHARLES E. JONES JR. (#125681)

VERSUS                                        CIVIL ACTION

RICHARD STALDER, ET AL                        NUMBER 07-659-JVP-SCR


### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 11, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHARLES E. JONES JR. (#125681)

VERSUS                                    CIVIL ACTION

RICHARD STALDER, ET AL                    NUMBER 07-659-JVP-SCR


<u>MAGISTRATE JUDGE'S REPORT</u>

Pro se plaintiff, an inmate at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Warden LeBlanc, Deputy Warden Raider, Assistant Warden Thomas, Sgt. Frank Moore, and Lt. Rickey Williams. Plaintiff alleged that for a three day period, Sgt. Moore would not permit him to possess his leg prosthesis in his cell.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief.

*Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

Plaintiff alleged that he is a bilateral amputee.  On December 8, 2006, Sgt. Moore ordered the plaintiff to give him his leg prosthesis.  Plaintiff alleged he told Sgt. Moore that both his treating physician and Warden Thomas had authorized him to retain the device while confined in his cell.  Plaintiff alleged that Sgt. Moore took his copy of the written authorization to show to Lt. Williams.  Plaintiff alleged that when Sgt. Moore returned he told the plaintiff that he would not be allowed to retain the prosthesis in his cell.  Plaintiff alleged that Lt. Williams approved Sgt. Moore's actions.  Plaintiff alleged that he was humiliated when had to scoot across the floor to get to the toilet.

Subsection (e) of 42 U.S.C. § 1997e was added to provide the following:

> (e) Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the plaintiff's allegations showed that the plaintiff failed to allege that he sustained any physical injury as a result of the defendants' alleged actions.

Even assuming that the plaintiff's allegations are sufficient to satisfy the statutory prerequisites, the plaintiff's allegations are nonetheless insufficient to state a claim upon which relief can be granted.

2

A § 1983 complaint must plead specific facts and allege a cognizable constitutional violation in order to avoid dismissal for failure to state a claim. *Brinkmann v. Johnston*, 793 F.2d 111 (5th Cir. 1986).

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Plaintiff did not allege that Sgt. Moore and Lt. Williams knew that the plaintiff faced a substantial risk of serious harm if he were not permitted to retain his prosthetic device in his cell but disregarded the risk of harm by taking no reasonable steps to abate it.

Plaintiff named Secretary Stalder, Warden LeBlanc, Deputy Warden Raider and Assistant Warden Thomas as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between

3

the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that these defendants are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 42 U.S.C. § 1997e(e) and 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 42 U.S.C. § 1997e(e) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Baton Rouge, Louisiana, September 11, 2007.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915 of Title 28 was amended to add subsection (g) which provides the following:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.